No. 25-1216 (lead);
Nos. 25-1217 & 25-1218 (consolidated)

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

RHODE ISLAND AFL-CIO, *et al.*,
PETITIONERS,
(No. 25-1216)

HARRIS COUNTY, TEXAS,
PETITIONER,
(No. 25-1217)

STATE OF ARIZONA, *et al.*,
PETITIONERS,
(No. 25-1218)

V.

ENVIRONMENTAL PROTECTION AGENCY, *et al.*,
RESPONDENTS.

On Petitions for Review of Unpublished Final Agency Action
by the Environmental Protection Agency

**PETITIONERS' JOINT CONSENT MOTION
TO HOLD THE CONSOLIDATED CASES IN ABEYANCE**

Each of the above-captioned, consolidated cases involves a protective petition

for review of unpublished final action by the Environmental Protection Agency

("EPA").  Specifically, each petition challenges EPA's decision to terminate the

Solar for All ("SFA") grant program in August 2025.  Petitioners in all three cases

maintain that this Court is not the proper forum for adjudicating these challenges. To that end, they have filed separate actions in various federal district courts challenging the termination of the SFA program. Compl., *R.I. AFL-CIO v. EPA*, No. 25-cv-510 (D.R.I. Oct. 6, 2025), ECF No. 1 ("Rhode Island AFL-CIO Complaint"); Compl., *Harris County, Tex. v. EPA*, No. 25-cv-3646 (D.D.C. Oct. 13, 2025), ECF No. 1 ("Harris County Complaint"); Compl., *Arizona v. EPA*, No. 2:25-cv-2015 (W.D. Wash. Oct. 16, 2025), ECF No. 1 ("States' Complaint"). The petitions for review at issue are merely a "precautionary measure" in the event that jurisdiction is challenged and this Court is determined to be the appropriate venue. Protective Pet. for Rev., *R.I. AFL-CIO v. EPA*, No. 25-1216 (Oct. 20, 2025); Protective Pet. for Rev., *Harris County v. EPA*, No. 25-1217 (Oct. 20, 2025); Protective Pet. for Rev., *Arizona v. EPA*, No. 25-1218 (Oct. 20, 2025). Accordingly, petitioners respectfully request that these consolidated cases be held in abeyance and that all case-related deadlines be suspended while litigation continues in the federal district courts. Respondents consent to this request.

## BACKGROUND

In August 2022, President Biden signed the Inflation Reduction Act. Pub. L. No. 117-169, 136 Stat. 1818 (Aug. 16, 2022). As part of the Act, Congress added Section 134 to the Clean Air Act ("CAA"), which, among other things, appropriated $7 billion as part of the SFA program and directed EPA to distribute those funds to

eligible grantees. *Id.* § 60103, 136 Stat. at 2066-67. By August 16, 2024, all of the $7 billion in SFA funds had been obligated. States' Complaint ¶ 4.

On August 7, 2025, EPA Administrator Lee Zeldin announced on social media that EPA was terminating the SFA program. Lee Zeldin (@EPALeeZeldin), X (Aug. 7, 2025, 2:07 p.m.), https://tinyurl.com/2w28c9ce. Later that day, EPA sent letters to SFA grantees terminating their respective grants. EPA justified its termination decision on the grounds that Section 60002 of the One Big Beautiful Bill Act ("H.R. 1"), Pub. L. No. 119-21, § 60002, 139 Stat. 72, 154 (July 4, 2025), "repeal[ed] the underlying authority for the Solar for All program at Section 134 of the Clean Air Act, 42 U.S.C. [§] 7434, and rescind[ed] unobligated amounts to carry out Section 134." Letter from Office of Mission Support, Env't Prot. Agency (Aug. 7, 2025) (attached as **Exhibit A**). EPA stated that, as a result, it "no longer possesse[d] either the substantive legal authority or the financial appropriations needed to continue implementation, oversight[,] or monitoring for waste, fraud, or abuse" of the SFA program. *Id.*

Each petitioner or group of petitioners filed an action in federal district court challenging EPA's termination of the SFA program:

- On October 2, 2025, petitioners in case number 25-1216 ("Rhode Island AFL-CIO Petitioners") filed a complaint in the U.S. District Court for the District of Rhode Island challenging the SFA program termination under the

Administrative Procedure Act ("APA") and the U.S. Constitution. *See* Rhode Island AFL-CIO Complaint.

- On October 13, 2025, Harris County, Texas (petitioner in D.C. Circuit case number 25-1217) filed a complaint in the U.S. District Court for the District of Columbia challenging the SFA program termination under the APA and the U.S. Constitution. *See* Harris County Complaint.

- On October 16, 2025, petitioners in case number 25-1218 ("State Petitioners") filed a complaint in the U.S. District Court for the Western District of Washington challenging the SFA program termination under the APA and the U.S. Constitution. *See* States' Complaint.

## ARGUMENT

Under the CAA, a petition for review of any "nationally applicable . . . final action taken . . . under [the CAA] may be filed only in the United States Court of Appeals for the District of Columbia." 42 U.S.C. § 7607(b)(1). Here, each complaint alleges that EPA unlawfully terminated *obligated* funding for the SFA program when H.R. 1 rescinded only *unobligated* funds. *See* Rhode Island Complaint ¶ 9; Harris County Complaint ¶ 13; States' Complaint ¶ 7. EPA's decision to terminate the SFA program and claw back *obligated* funds under the guise of H.R. 1 was therefore contrary to law, in excess of EPA's authority, and arbitrary and capricious. The complaints also collectively raise constitutional

4

challenges to this action as violating the separation of powers, Appropriations Clause, and Presentment Clause. Because EPA purported to invoke H.R. 1 when terminating the SFA program (rather than any provision of the CAA), the program termination was not carried out "under" the CAA and Section 7607(b)(1) does not apply. The complaints properly belong in district court.

To date, respondents have not argued that the CAA's channeling provision applies. If they were to do so, any attempt to litigate the applicability of Section 7607(b)(1) should first play out in the district courts. Meanwhile, the best course of action is to hold the protective petitions for review in the above-captioned cases in abeyance. Doing so serves the interests of judicial economy. *See United States v. Quinn*, 475 F.3d 1289, 1291 (D.C. Cir. 2007) (explaining that holding a case in abeyance pending related litigation "conserve[s] judicial resources"); Order, *Sierra Club v. EPA*, No. 18-1262 (D.C. Cir. Oct. 23, 2018) (holding protective petition for review in abeyance pending the Fifth Circuit's ruling with respect to proper venue).

No party will be prejudiced by abeyance, and respondents consent to the requested relief.

If the Court grants this motion, petitioners will notify this Court within 30 days of any decision from another court concerning whether Section 7607(b)(1)'s channeling provision applies to these challenges.

**CONCLUSION**

For the aforementioned reasons, petitioners in the above-captioned cases respectfully request that the Court hold case numbers 25-1216, 25-1217, and 25-1218 in abeyance. Petitioners further request that all filing deadlines, including those identified in the Court's October 22, 2025 consolidation order, be suspended pending further order of the Court. *See* Clerk's Order, *R.I. AFL-CIO*, No. 25-1216 (Oct. 22, 2025) (requiring petitioners to file a docketing statement form and statement of issues on or before November 21, 2025). Finally, petitioners respectfully request that all filing deadlines be administratively stayed while the Court considers this present motion. If this motion is denied, petitioners ask that they be given 30 days from the date of denial to file the documents identified in the Court's October 22, 2025 consolidation order.

Dated: November 14, 2025                    Respectfully submitted,

**SOUTHERN ENVIRONMENTAL**          **BRIAN L. SCHWALB**
**LAW CENTER**                      Attorney General for the District of
                                    Columbia

By: */s/ Nicholas S. Torrey*
NICHOLAS S. TORREY                  By: */s/ Ashwin P. Phatak*
(919) 967-1450                      CAROLINE VAN ZILE
136 E. Rosemary Street, Suite 500   *Solicitor General*
Chapel Hill, NC 27514               ASHWIN P. PHATAK
NTorrey@selc.org                    *Principal Deputy Solicitor General*
                                    (202) 442-9807

6

*Counsel for Rhode Island Petitioners in case number 25-1216:*

    Rhode Island AFL-CIO

    Rhode Island Center for Justice

    Anh Nguyen

    Solar United Neighbors

    Sunpath Consulting LLC d/b/a Sunpath Solar

    2KB Energy Services, LLC

    Energy Independent Solutions

    Black Sun Light Sustainability

**CHRISTIAN D. MENEFEE**
Harris County Attorney

By: */s/ Beth C. Neitzel*
BETH C. NEITZEL
EMILY J. NASH
KEVIN Y. CHEN
NOAH C. SHAW
(617) 832-1000
Foley Hoag LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
BNeitzel@foleyhoag.com
ENash@foleyhoag.com
KChen@foleyhoag.com
NCShaw@foleyhoag.com

JONATHAN G.C. FOMBONNE
*Deputy County Attorney & First Assistant*
NEAL A. SARKAR
*Special Assistant County Attorney*
Jonathan.Fombonne@harriscountytx.gov
Neal.Sarker@harriscountytx.gov

400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
Caroline.VanZile@dc.gov
Ashwin.Phatak@dc.gov

*Counsel for State Petitioners in case number 25-1218:*

    State of Arizona

    State of Washington

    State of Minnesota

    District of Columbia

    State of California

    State of Colorado

    State of Connecticut

    State of Hawai'i

    State of Illinois

    Office of the Governor of the Commonwealth of Kentucky, *ex rel.* Andy Beshear in his official capacity as Governor of the Commonwealth of Kentucky

    State of Maine

    State of Maryland

    Commonwealth of Massachusetts

    State of Michigan

    State of New Jersey

    State of New Mexico

    State of New York

    State of North Carolina

    State of Oregon

(713) 274-5101
Office of the Harris County Attorney
1019 Congress Plaza, 15th Floor
Houston, TX 77002

*Counsel for Harris County
in case number 25-1217*

Jessica Shirley, Chair of the
Pennsylvania Energy
Development Authority

State of Rhode Island

State of Vermont

Wisconsin Economic
Development Corporation

**KRISTIN K. MAYES**
Attorney General of Arizona

By: */s/ Joshua D. Bendor*
JOSHUA D. BENDOR
*Solicitor General*
MARY M. CURTIN
*Senior Litigation Counsel*
2005 N. Central Ave
Phoenix, Arizona 85004
Joshua.Bendor@azag.gov
Mary.Curtin@azag.gov

*Counsel for the State of Arizona*


**NICHOLAS W. BROWN**
Attorney General of Washington

By: */s/ C. L. Junine So*
C. L. JUNINE SO
*Assistant Attorney General*
Environmental Protection Division
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
Junine.So@atg.wa.gov

*Counsel for the State of Washington*


**KEITH ELLISON**
Attorney General of Minnesota

By: */s/ Ryan Pesch*
RYAN PESCH
CAT RIOS-KEATING
*Special Assistant Attorneys General*
BRIAN CARTER
*Special Counsel*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
Ryan.Pesch@ag.state.mn.us
Catherine.Rios-Keating@ag.state.mn.us
Brian.Carter@ag.state.mn.us

*Counsel for the State of Minnesota*


**ROB BONTA**
Attorney General of California

By: */s/ Marie Elizabeth Logan*
MARIE ELIZABETH LOGAN
REBECCA HUNTER
DYLAN C. REDOR
THEODORE A. MCCOMBS
*Deputy Attorneys General*
ABIGAIL BLODGETT
MYUNG PARK
*Supervising Deputy Attorneys General*
1515 Clay Street
Oakland, CA 94612
Marie.Logan@doj.ca.gov
Rebecca.Hunter@doj.ca.gov
Dylan.Redor@doj.ca.gov
Theodore.McCombs@doj.ca.gov
Abigail.Blodgett@doj.ca.gov
Myung.Park@doj.ca.gov

*Counsel for the State of California*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Carrie Noteboom*
CARRIE NOTEBOOM
*Assistant Deputy Attorney General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Carrie.Noteboom@coag.gov

*Counsel for the State of Colorado*


**ANNE E. LOPEZ**
Attorney General of Hawai'i

By: */s/ Kaliko'onālani D. Fernandes*
DAVID D. DAY
*Special Assistant to the Attorney General*
KALIKO'ONĀLANI D. FERNANDES
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
David.D.Day@hawaii.gov
Kaliko.D.Fernandes@hawaii.gov

*Counsel for the State of Hawai'i*


**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Jill Lacedonia*
JILL LACEDONIA
*Assistant Attorney General*
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

*Counsel for the State of Connecticut*


**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Katharine Roller*
KATHARINE ROLLER
*Complex Litigation Counsel*
ELIZABETH B. SCOTT
*Assistant Attorney General*
115 LaSalle Street
Chicago, IL 60603
Katharine.Roller@ilag.gov

*Counsel for the State of Illinois*

**OFFICE OF THE GOVERNOR**
*ex rel.* **ANDY BESHEAR**
in his official capacity as Governor of
the Commonwealth of Kentucky

By: */s/ S. Travis Mayo*
S. TRAVIS MAYO
*General Counsel*
TAYLOR PAYNE
*Chief Deputy General Counsel*
LAURA C. TIPTON
*Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
Travis.Mayo@ky.gov
Taylor.Payne@ky.gov
LauraC.Tipton@ky.gov

*Counsel for the Office of the Governor*

**AARON M. FREY**
Attorney General of Maine

By: */s/ Emma Akrawi*
EMMA AKRAWI
*Assistant Attorney General*
6 State House Station
Augusta, ME 04333
Emma.Akrawi@maine.gov

*Counsel for the State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: /s/ *Steven J. Goldstein*
STEVEN J. GOLDSTEIN
*Assistant Attorney General*
200 Saint Paul Place
Baltimore, MD 21202
SGoldstein@oag.state.md.us

*Counsel for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Katherine Dirks*
KATHERINE DIRKS
*Chief State Trial Counsel*
1 Ashburton Place
Boston, MA 02108
Katherine.Dirks@mass.gov

*Counsel for the Commonwealth of Massachusetts*

11

**DANA NESSEL**
Attorney General of Michigan

By: */s/ Elizabeth Morrisseau*
ELIZABETH MORRISSEAU
*Assistant Attorney General*
Environment, Natural Resources, and
Agriculture Division
525 W. Ottawa Street
P.O. Box 30755
Lansing, MI 48909
MorrisseauE@michigan.gov

*Counsel for the State of Michigan*


**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ J. Spenser Lotz*
J. SPENSER LOTZ
*Assistant Attorney General*
Environmental Protection Bureau
201 Third Street NW, Suite 300
Albuquerque, NM 87102
SLotz@nmdoj.gov

*Counsel for the State of New Mexico*

**MATTHEW J. PLATKIN**
Attorney General of New Jersey

By: */s/ Daniel Resler*
DANIEL RESLER
LAUREN E. VAN DRIESEN
JACK A. VENTURA
*Deputy Attorneys General*
33 Washington Street, Ninth Floor
Newark, NJ 07101
Daniel.Resler@law.njoag.gov

*Counsel for the State of New Jersey*


**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON
KELSEA SUAREZ
*Assistant Attorneys General*
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
Matthew.Eisenson@ag.ny.gov

*Counsel for the State of New York*

**JEFF JACKSON**
Attorney General of North Carolina

LAURA HOWARD
*Chief Deputy Attorney General*

By: /s/ Daniel T. Wilkes
DANIEL T. WILKES
*Assistant Deputy Attorney General*
P.O. Box 629
Raleigh, NC 27602
DWilkes@ncdoj.gov

*Counsel for the State of North Carolina*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
Coby.Howell@doj.oregon.gov

*Counsel for the State of Oregon*

**MICHAEL A. BRAYMER**
Chief Counsel
Department of Environmental Protection

By: */s/ Michael J. Heilman*
MICHAEL J. HEILMAN
*Litigation Coordinator*
Department of Environmental Protection
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222
MHeilman@pa.gov

*Counsel for Jessica Shirley, Chair of the Pennsylvania Energy Development Authority*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: /s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ
*Special Assistant Attorney General*
Environment and Energy Unit Chief
150 South Main Street
Providence, Rhode Island 02903
NVaz@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Ryan Kane*
RYAN KANE
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
Ryan.Kane@vermont.gov

*Counsel for the State of Vermont*

**WISCONSIN ECONOMIC DEVELOPMENT CORPORATION**

By: */s/ Jennifer H. Campbell*
JENNIFER H. CAMPBELL
*Chief Legal Officer*
2352 S. Park Street, Suite 303
Madison, WI 53713
Jennifer.Campbell@wedc.org

*Counsel for Wisconsin Economic Development Corporation*

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(1) because the motion contains 1,084 words, excluding exempted parts. This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

/s/ Ashwin Phatak
ASHWIN P. PHATAK

*Counsel for the District of Columbia,
on behalf of all petitioners*

# Exhibit A

Sample letter from the Office of Mission Support at the Environmental Protection Agency sent to all recipients of Solar for All funds (Aug. 7, 2025)



# OFFICE OF MISSION SUPPORT

WASHINGTON, D.C. 20460

August 7, 2025

<u>MEMORANDUM</u>

**SUBJECT:** Termination of EPA Assistance Agreement 5H-84088001 under 2 CFR 200.340

**FROM:** Devon Brown, EPA Award Official

**TO:** Richard Jackson, Director
Department Of Energy And Environment

The purpose of this communication is to notify you that, pursuant to the One Big Beautiful Bill Act (OBBBA), Pub. L. No. 119-21 (July 4, 2025), the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. 5H-84088001 awarded to Department Of Energy And Environment. Section 60002 of OBBBA repeals the underlying authority for the Solar for All program at Section 134 of the Clean Air Act, 42 U.S.C. 7434, and rescinds unobligated amounts to carry out Section 134. The repeal of the grant appropriations in CAA 134(a)(1)-(3), coupled with the rescission of the administrative appropriation in section 134(a)(4), effectively and completely terminated the statutory authority and all appropriations related to Solar for All. As both the grant appropriations and the EPA's administrative cost appropriation are rescinded, the Agency no longer possesses either the substantive legal authority or the financial appropriations needed to continue implementation, oversight or monitoring for waste, fraud, or abuse of these grants or of Solar for All. Thus, any attempt to continue the program's administration, in the absence of any authorizing legislation or appropriated funds for that purpose, is no longer legally permissible. The EPA has been weighing options for the future of the Solar for All program and has made the decision to terminate the SFA program and existing grants because the EPA no longer has a statutory basis or dedicated funding to continue administering and overseeing the nearly $7 billion outlay to approximately 60 grant recipients. Congress has made its intent clear—via a repeal of the statutory authorization and all appropriated funding for the program and the administrative burdens of implementing and overseeing the program—that the SFA program is no longer to operate.

The EPA recognizes that program participants may have begun to rely on funds made available through the Solar for All program and have in some instances made preliminary budgets, projections, outlays, and staffing decisions. Due to the early nature of such expenditures, we expect any harms to interests suffered to be remedied and remediable by the close out processes outlined in the program grants and discussed below.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)
- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at [rtpfc-grants@epa.gov](mailto:rtpfc-grants@epa.gov) for instructions on how to return the excess funds.

The EPA Grants Management Office will issue an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), [molina.michael@epa.gov](mailto:molina.michael@epa.gov), must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, [brown.devon@epa.gov](mailto:brown.devon@epa.gov) within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.

cc: Alison Hanlon, EPA Grant Specialist
Lydia Kidane, EPA Project Officer
Thomas Bartholomew, Grantee Program Manager